STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v
SHELLY

Docket No. 56846. Decided July 23, 1975.

State Farm Mutual Automobile Insurance Company brought an
action for declaratory judgment regarding coverage under an
automobile insurance policy against Harold F. Shelly, Jr.,
Andrea C. Thomas, Joseph H. Hawley, administrator of the
estate of Dorothy Hawley, deceased, and Andrea L. Thomas,
personally and as administratrix of the estate of Lynn Thomas,
deceased. The Oakland Circuit Court, John N. O'Brien, J., held
that a clause of the policy excluding coverage when Harold F.
Shelly, Jr., was driving was invalid, but that policy coverage as
to him was the statutory minimum, $10,000/$20,000, rather
than the policy limit, $25,000/$50,000. The Court of Appeals,
Allen, P. J., and T. M. Burns and R. M. Maher, JJ., reversed in
part, holding that coverage as to Harold F. Shelly, Jr., was the
policy limit. Plaintiff applies for leave to appeal. Leave is
granted, and the Court *sua sponte* reverses that portion of the
Court of Appeals opinion relating to coverage to the policy
limit. *Held:*

The motor vehicle responsibility law provides that the term
"motor vehicle liability policy" applies only to that part of the
coverage which is required by the law. The Motor Vehicle
Accident Claims Act provides that a vehicle is uninsured if it
does not meet the requirements of the responsibility law, and
where an exclusionary clause is void because it is against the
policy of the accident claims act, the reinstated coverage is
limited to the amount required so that the vehicle is not
uninsured within the meaning of the accident claims act.

59 Mich App 491; 229 NW2d 820 (1975) reversed in part.

*Draugelis, Ashton & Scully* for plaintiff.

MEMORANDUM OPINION. On order of the Court,
plaintiff-appellant's application for leave to appeal
is considered and the same is hereby granted.

The Court, *sua sponte,* pursuant to GCR 1963,

865.1(7), hereby reverses that portion of the decision of the Court of Appeals relating to the extent of the insurance company's liability where an exclusionary clause in a policy of motor vehicle liability insurance is void because it is against the policy of the Motor Vehicle Accident Claims Act (MVACA).

Under the MVACA, a motor vehicle could be registered as an insured vehicle on the strength of a certificate of insurance certifying that a policy of insurance had been issued covering the vehicle in compliance with the MVACA. Exclusions which purported to limit coverage below that required so that the vehicle would not be an "uninsured motor vehicle" within the meaning of the MVACA were invalid.

The question is whether the insurance company's liability as to the reinstated coverage is limited to the amount required by the statute or extends to the full, and greater, amount set forth in the policy.

We have considered decision in other jurisdictions and the opinion of the Court of Appeals reported at 59 Mich App 491 holding that coverage extends to the greater amount.

The MVACA provides that a motor vehicle is uninsured if it does not meet the requirements of the motor vehicle responsibility law, MCLA 257.501, *et seq.;* MSA 9.2201, *et seq.,* which provides in part that "with respect to a policy which grants such excess or additional coverage the term 'motor vehicle liability policy' shall apply only to that part of the coverage which is required by this section". MCLA 257.520(g); MSA 9.2220(g).

We are persuaded that where an exclusionary clause is void as against the policy of the MVACA, reinstated coverage is limited to the amount re-

quired so that the vehicle is not an uninsured motor vehicle within the meaning of the MVACA.

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN, M. S. COLEMAN, J. W. FITZGERALD, and LINDEMER, JJ., concurred.

SWAINSON, J., took no part in the decision of this case.