DETROIT AUTOMOBILE INTER-INS EXCHANGE v PARMELEE

Docket No. 73760. Submitted March 7, 1984, at Grand Rapids.— Decided June 19, 1984. Leave to appeal applied for.

Detroit Automobile Inter-Insurance Exchange insured an automobile owned by Russell Parmelee, Jr. His wife, Patricia Parmelee, was injured while she was a passenger in the automobile as it was being driven by Russell Parmelee, III, her son. Mr. and Mrs. Parmelee sought compensation for Mrs. Parmelee's injuries under the liability provisions of the insurance policy, which contained an exclusion for "bodily injury to any named insured". Mrs. Parmelee was a named insured. DAIIE brought an action for a declaratory judgment to determine its rights and liabilities under the policy. The Kent Circuit Court, George R. Cook, J., ruled that the exclusionary clause was invalid and that the limits of liability would be those stated in the policy. Plaintiff appealed, alleging that the limits of liability should be the statutory minimums of $20,000/$40,000 rather than the higher limits stated in the insurance policy. *Held:*

Because an exclusionary clause similar to the one in the policy at issue had previously been declared invalid as against public policy by the Supreme Court, plaintiff should have been aware that its policy's exclusionary clause was, if not void, ambiguous in that defendants had paid for coverage far exceeding the statutory minimum. Ambiguities in insurance policies are to be liberally construed in favor of the insured. Thus, the contractual policy limits are to apply.

Affirmed.

1. INSURANCE — AUTOMOBILES — EXCLUSIONS.

    An automobile liability insurance policy provision which excludes

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance § 275.

    Who is "named insured" within meaning of automobile insurance. 91 ALR3d 1280.

    Validity, construction and application of provision of automobile liability policy excluding from coverage injury or death of insured. 46 ALR3d 1061.

[2] 7 Am Jur 2d, Automobile Insurance § 3.

    43 Am Jur 2d, Insurance § 283 *et seq.*

coverage for "bodily injury to any named insured" is void as against public policy.

2. INSURANCE — JUDICIAL CONSTRUCTION.

An ambiguity in an insurance policy is to be construed liberally in favor of the insured and against the insurer who drafted it.

*Baxter & Hammond* (by *Michael D. Wade* and *Elizabeth F. Rupprecht*), for plaintiff.

*Twohey, Maggini, Muldoon, Mudie & Sullivan* (by *David Schoolenberg*), for defendants Patricia Parmelee and Russell Parmelee, Jr.

*Ward, Schenk & Boncher* (by *Dan E. Bylenga, Jr.*), for Russell Parmelee, III.

Before: MacKENZIE, P.J., and J. H. GILLIS and J. E. FITZGERALD,* JJ.

PER CURIAM. Plaintiff appeals as of right from a declaratory judgment in defendants' favor determining plaintiff's liability under a no-fault automobile insurance policy issued to defendants by plaintiff.

This case arises out of an automobile accident which occurred on October 14, 1979. On that date Russell Parmelee, III, was operating a vehicle owned by his father, Russell Parmelee, Jr., with his mother, Patricia Parmelee, riding as a passenger. The car went out of control and struck a tree, causing Mrs. Parmelee to be injured. Patricia and Russell Parmelee, Jr., filed an action asserting a claim for personal injuries suffered by Mrs. Parmelee as a result of the accident. During the course of the action the question arose concerning insurance coverage available in the form of liability

* Circuit judge, sitting on the Court of Appeals by assignment.

protection for Russell Parmelee, III, and for compensation for the injuries suffered by Mrs. Parmelee.

At the time of the incident Russell Parmelee, Jr., and Patricia Parmelee were named insureds on a policy of automobile liability insurance with plaintiff. The residual bodily injury liability limits of this policy were $100,000/$300,000. The insurance policy contained an exclusionary clause which stated that liability protection does not apply to "bodily injury to any named insured * * *". The effective dates of the policy were May 25, 1979, to November 25, 1979.

Plaintiff filed a declaratory judgment action seeking a determination of its rights and liabilities under the insurance policy. Plaintiff sought to have two problems resolved through the action. The first was whether the exclusionary clause was valid and enforceable. If the exclusionary clause was found to be invalid, plaintiff sought to determine the limits of its liability under the policy. Citing *State Farm Mutual Automobile Ins Co v Shelly,* 394 Mich 448; 231 NW2d 641 (1975), plaintiff argued that, should the exclusionary clause be invalidated, the limits of the policy should be the minimum statutory limit imposed by MCL 500.3009; MSA 24.13009. Thus, it was plaintiff's position that its liability under the policy should be $20,000/$40,000 as opposed to $100,000/$300,000, the contractual limit contained in the policy.

At the hearing held in the matter on August 15, 1983, the trial court held that the exclusionary clause which stated that there would be no coverage of injuries to named insureds was invalid. The court further held that the contractual policy limits would govern and, therefore, the limits of plain-

tiff's residual bodily injury liability would be $100,-000/$300,000.

Plaintiff appeals as of right from the trial court's ruling determining the limits of plaintiff's liability under the policy. On appeal, plaintiff does not contest the propriety of the court's ruling that the exclusionary clause is invalid.

In *State Farm Mutual Automobile Ins Co v Sivey*, 404 Mich 51; 272 NW2d 555 (1978), the Supreme Court declared void as against public policy an exclusionary clause identical to the one involved in the instant case. *Sivey* was decided December 26, 1978. The policy at issue herein ran from May 25, 1979, to November 25, 1979. Plaintiff, therefore, should have been aware that the policy at issue contained a clause that, if not totally void, was certainly ambiguous in the instant situation where defendants had paid for a policy containing extra residual bodily injury coverage of $100,000/$300,000 but the law, MCL 500.3009(1); MSA 25.13009(1), required limits of $20,000/$40,000. Where an ambiguity exists, the policy must be liberally construed in favor of the insured and against the insurer who drafted it. *Dittus v Geyman*, 68 Mich App 433; 242 NW2d 800 (1976); *Weaver v Michigan Mutual Liability Co*, 32 Mich App 605; 189 NW2d 116 (1971); *Citizens Ins Co of Amercia v Detloff*, 89 Mich App 429; 280 NW2d 555 (1979); *Citizens Ins Co of America v Tunney*, 91 Mich App 223; 283 NW2d 700 (1979). We, therefore, affirm the judgment of the trial court that the contractual policy limits of $100,-000/$300,000 apply in the instant case.

Affirmed.