NICHOLS v KWEK

Docket No. 73598. Submitted April 11, 1984, at Detroit.—Decided December 17, 1984. Leave to appeal applied for.

Arlene Nichols was killed and Brian and Samuel Nichols were injured in an automobile collision on May 7, 1978. Jack Karpenko negligently drove the other vehicle involved in the accident. That vehicle was owned by his wife, Virginia Karpenko, who was also a passenger at the time of the collision. Both Karpenkos were killed in the collision. Virginia Karpenko's vehicle was insured by the garnishee defendant, Auto Club Insurance Association, under a policy providing maximum residual liability coverage at $20,000 per person and $40,000 per incident. Jack Karpenko owned another vehicle insured with the garnishee defendant under a policy providing maximum residual liability coverage of $50,000 per person and $100,000 per incident. Plaintiff, Samuel Nichols, individually and as administrator of the estate of Arlene Nichols, deceased, thereafter brought an action in the Wayne Circuit Court against defendants, Iris E. Kwek, administratrix of the estate of Virginia Karpenko, deceased, Jacquelyn Wallschlager, administratrix of the estate of Jack Karpenko, deceased, and the garnishee defendant seeking recovery under the two insurance policies issued by the garnishee defendant. The plaintiff and garnishee defendant both filed motions for a summary judgment. The trial court, Michael J. Connor, J., entered an order of summary judgment in the garnishee defendant's favor. The plaintiff was allowed to collect under both "stacked" insurance policies, however, the court held as a matter of law that the garnishee defendant's liability under the policy issued to Jack Karpenko was limited to the statutorily required minimum of $20,000 per person and $40,000 per incident, rather than the $50,000/$100,000 coverage provided in the policy. Plaintiff appeals. *Held*:

1. The non-owned automobile clause in Jack Karpenko's insurance policy has not been declared violative of any statute.

REFERENCES FOR POINTS IN HEADNOTES
[1] 43 Am Jur 2d, Insurance § 271.
[2] 43 Am Jur 2d, Insurance § 291.

Inasmuch as the exclusionary clause in this case is not void as against any statute, it is illogical to hold that the clause is enforceable only to the extent that it does not contravene a statute as was done in the Michigan Supreme Court case relied upon by the garnishee defendant and the trial court. Therefore, the trial court erred in applying the analysis relied upon.

2. The purpose of the residual liability clause in Jack Karpenko's policy is to provide coverage up to a maximum of $50,000 per person and $100,000 per incident. The garnishee defendant's liability in this case is for the maximum allowed under the contract.

Reversed.

1. INSURANCE — APPEAL — CONTRACTS — JUDICIAL CONSTRUCTION.

The Court of Appeals looks to general principles of law governing the construction of insurance contracts in determining an insurer's liability under an insurance contract; the policy must be enforced as written and the courts will not make a new agreement or give it a meaning contrary to its express terms where the provisions of the policy are unambiguous.

2. INSURANCE — CONTRACTS — JUDICIAL CONSTRUCTION.

It is illogical to hold that an exclusionary clause in an insurance policy is enforceable only to the extent that it does not contravene a statute where the exclusionary clause has not been declared void as violative of any statute.

*Leitson & Pabst, P.C.* (by *Tom R. Pabst*), for plaintiff.

*Dickinson, Mourad, Brandt, Hanlon & Becker* (by *C. T. McCutcheon, Jr.*), and *Gromek, Bendure & Thomas* (by *James G. Gross*), of counsel, for Auto Club Insurance Association.

Before: HOOD, P.J., and M. J. KELLY and R. C. LIVO,* JJ.

M. J. KELLY, J. Plaintiff appeals as of right from an order of summary judgment in the garnishee defendant's favor regarding the amount the garnishee defendant is liable for under the residual

* Circuit judge, sitting on the Court of Appeals by assignment.

liability clause of an automobile insurance policy issued pursuant to the Michigan no-fault act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.* We reverse.

The relevant facts are not in dispute. Arlene Nichols was killed and Brian and Samuel Nichols were seriously injured in an automobile collision that occurred on May 7, 1978. Jack Karpenko negligently drove the other vehicle involved in the accident. That vehicle was owned by his wife, Virginia Karpenko, who was also a passenger at the time of the collision. Both Karpenkos were killed in the collision.

Plaintiff, Samuel Nichols, individually and as administrator of the estate of Arlene Nichols, deceased, filed suit against the administratrices of the two Karpenko estates and the Karpenko's insurer, the garnishee defendant, seeking recovery under two separate insurance policies issued by the garnishee defendant, Auto Club Insurance Association. Virginia Karpenko had insured the involved vehicle with the garnishee defendant under a policy providing maximum residual liability coverage at $20,000 per person and $40,000 per incident. Jack Karpenko, driver of the involved automobile and owner of another automobile which was not involved in the collision, had insured his vehicle with the garnishee defendant under a policy providing maximum residual liability coverage of $50,000 per person and $100,000 per incident.

The garnishee defendant does not dispute plaintiff's right to collect under both policies. In *DAIIE v Widling,* 114 Mich App 6; 318 NW2d 551 (1982), *lv gtd* 417 Mich 1037 (1983), this Court considered an exclusionary clause identical to the non-owned automobile clause contained in Jack Karpenko's policy and held that it was unenforceable under the rationale of *State Farm Mutual Automobile*

*Ins Co v Ruuska,* 412 Mich 321; 314 NW2d 184 (1982). Plaintiff may collect under both Karpenko policies. The only question presented to the trial court and on appeal is whether the amount recoverable under Jack Karpenko's "stacked" policy equals the policy limits of $50,000/$100,000 or the statutorily required minimum of $20,000/$40,000. MCL 500.3009; MSA 24.13009 and MCL 500.3131; MSA 24.13131. The trial court held as a matter of law that the garnishee defendant's liability was limited to the statutory minimum of $20,000/$40,-000.

On appeal, plaintiff argues as he did at trial that the garnishee defendant is liable to third persons for residual coverage under the terms of its insurance contract with Jack Karpenko and should therefore be held to the terms of that contract. The garnishee defendant responds that coverage is, in fact, being provided contrary to the terms of the contract and that it is thus liable only for the amount of coverage required by statute.

In support of the motion for an order granting summary judgment, the garnishee defendant and the trial court relied upon *State Farm Mutual Automobile Ins Co v Shelly,* 394 Mich 448; 231 NW2d 641 (1975). In *Shelly,* the Michigan Supreme Court held that where an exclusionary clause in a motor vehicle insurance policy issued under the financial responsibility act, MCL 257.501 *et seq.;* MSA 9.2201 *et seq.,* is void as against the Motor Vehicle Accident Claims Act, MCL 257.1101 *et seq.;* MSA 9.2801 *et seq.,* the reinstated coverage is limited to the minimum required by law rather than the greater policy amount. The garnishee defendant argues for the same result in the instant case: where an exclusionary clause in an automobile insurance policy issued under the no-fault act is declared void, the amount of coverage

provided by operation of law should be for the minimum amount required by statute rather than for the maximum coverage provided under the contract.

Several other states have applied the *Shelly* rationale to insurance contracts issued under the state's financial responsibility act where the contract includes an exclusionary clause that is declared void or invalid. See *Universal Underwriters Ins Co v American Motorists Ins Co,* 541 F Supp 755 (ND Miss, 1982); *Arceneaux v State Farm Mutual Automobile Ins Co,* 113 Ariz 216; 550 P2d 87 (1976); *Oregon Automobile Ins Co v Thorbeck,* 283 Or 271; 583 P2d 543 (1978); *Tibbs v Johnson,* 30 Wash App 107; 632 P2d 904 (1981). At least two states have applied the *Shelly* rationale where an exclusionary clause has been invalidated under the state's insurance act rather than under its financial responsibility act. *Estate of Neal v Farmers Ins Exchange,* 93 Nev 348; 566 P2d 81 (1977); *Fields v Western Preferred Casualty Co,* 437 So 2d 344 (La App, 1983), *cert den* 440 So 2d 754 (La, 1983). However, we note that in *DAIIE v Parmelee,* 135 Mich App 567; 355 NW2d 280 (1984), another panel of this Court refused to follow the *Shelly* rule after the Supreme Court in *State Farm Mutual Automobile Ins Co v Sivey,* 404 Mich 51; 272 NW2d 555 (1978), had declared the exclusionary provision at issue violative of Michigan's motor vehicle responsibility law, MCL 257.520(b); MSA 9.2220(b).

While we agree with the analysis relied upon in these cases, we believe that the trial court erred in applying it to the instant case. The non-owned automobile clause in Jack Karpenko's policy has not been declared violative of any statute and, in fact, the majority of justices in *Ruuska* have specifically found that such a provision is permissible

under the Michigan no-fault act. Inasmuch as the exclusionary clause in this case is not void as against any statute, it is illogical to hold that the clause is enforceable only to the extent that it does not contravene a statute as was done in *Shelly.*

We look to general principles of law governing the construction of insurance contracts in determining the amount of the garnishee defendant's liability under Jack Karpenko's policy. Where the provisions of an insurance policy are unambiguous, the policy must be enforced as written and the courts will not make a new agreement or give it a meaning contrary to its express terms. *Lease Car of America, Inc v Rahn,* 124 Mich App 686; 335 NW2d 123 (1983). In this case, it is clear that the purpose of the residual liability clause in Jack Karpenko's policy is to provide coverage up to a maximum of $50,000 per person and $100,000 per incident. We thus conclude that the garnishee defendant's liability in this case is for the maximum allowed under the contract.

Reversed.