FARMERS INSURANCE EXCHANGE v KURZMANN

Docket Nos. 238008, 239778. Submitted June 4, 2003, at Grand Rapids. Decided July 3, 2003, at 9:10 A.M.

Farmers Insurance Exchange brought an action in the Allegan Circuit Court against Christopher Kurzmann, Christopher Kurzmann, Jr., and Kathryn Kurzmann, conservator of the estate of Blane Kurzmann, seeking a declaratory judgment determining Farmers' responsibilities with regard to an action Kathryn intended to pursue on behalf of Blane against Christopher Kurzmann and Christopher Kurzmann, Jr., for damages sustained in an automobile accident that occurred while Blane was a passenger in an automobile owned by Christopher Kurzmann, insured by Farmers, and operated by Christopher Kurzmann, Jr. Farmers claimed that because Blane was considered an "insured person" under the policy, Christopher Kurzmann and Christopher Kurzmann, Jr., were not entitled to coverage pursuant to an exclusion in the policy that stated that Farmers is not liable "for bodily injury to an insured person." Farmers moved for summary disposition, arguing that although the exclusionary provision is void as against public policy, its indemnification obligation should be limited to the minimum amount required by statute rather than the greater amount provided in the policy. Kathryn responded by moving for a declaratory judgment and summary disposition. The trial court, George R. Corsiglia, J., denied Farmers' motion and granted Kathryn's motion, finding the policy ambiguous and that the higher policy limits were applicable. The court awarded the defendants attorney fees and costs on the basis that Farmers advocated a frivolous position and violated discovery rules. Farmers appealed from the denial of its motion for summary disposition and the grant of Kathryn's motion for a declaratory judgment and summary disposition. Farmers also appealed from the order granting attorney fees and costs. The appeals were consolidated.

The Court of Appeals *held*:

Farmers' exclusionary clause is ambiguous and void as against public policy. There is no merit to Farmers' claim regarding the applicability of the statutory minimum coverage. The trial court appropriately awarded sanctions against Farmers for bringing a

frivolous action. The court did not abuse its discretion in awarding the defendants the full amount of the attorney fees and costs they incurred in connection with this action.

Affirmed.

*Foster, Swift, Collins & Smith, P.C.* (by *William R. Schulz*), for Farmers Insurance Exchange.

*Miller, Johnson, Snell & Cummiskey, P.L.C.* (by *Stephen R. Ryan* and *D. Andrew Portinga*), for Kathryn Kurzmann.

Before: SMOLENSKI, P.J., and COOPER and FORT HOOD, JJ.

PER CURIAM. In Docket No. 238008, plaintiff Farmers Insurance Exchange appeals as of right from the trial court's November 13, 2001, order denying its motion for summary disposition and granting defendant Kathryn Kurzmann's motion for a declaratory judgment and summary disposition, pursuant to MCR 2.116(C)(8) and (10). Farmers also appeals the trial court's February 5, 2002, order granting Kathryn Kurzmann's motion for attorney fees and costs in Docket No. 239778. These cases were consolidated for purposes of appeal. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

The instant case arises out of an automobile accident that occurred on April 12, 1999. On that date, Blane Kurzmann was seriously injured while a passenger in an automobile that was being operated by his brother, Christopher Kurzmann, Jr. Blane was fourteen years old and Christopher was eighteen years old at the time of the accident. As a result of the accident, Blane endured numerous surgeries and

continues to undergo rehabilitation therapy. By fall of 2001, the medical bills associated with Blane's care and treatment exceeded $150,000.

The automobile involved in the accident was owned by Christopher Kurzmann, the father of Blane and Christopher, and insured by Farmers. Both Christopher Kurzmann and Christopher Kurzmann, Jr., were insured under this automobile-insurance policy at the time of the accident. According to Mr. Kurzmann, he requested the highest liability coverage for his vehicle and was informed that the highest limits available were $250,000 per person, and $500,000 per accident. Mr. Kurzmann purchased this policy and also secured uninsured limits in the same amount. He stated that he was never advised that the increased liability limits would not apply to his family.

The declarations portion of the insurance policy clearly sets the limits of insurance applicable to bodily injury claims at $250,000 per person and $500,000 per accident. In the policy, Farmers agrees to defend its insureds against any claim or suit asking for damages arising out of the ownership, maintenance, or use of the vehicle. However, the exclusions section further states that Farmers is not liable "for *bodily injury* to an *insured person*." (Emphasis added.) An insured person is defined in part as "you or any family member." According to the policy, a "family member" is any "person related to you by blood, marriage or adoption who is a resident of your household."

After the accident, Kathryn Kurzmann advised Farmers that she intended to pursue a claim on behalf of Blane against Christopher Kurzmann and Christopher Kurzmann, Jr. In response, Farmers filed a complaint against defendants seeking a declaratory

judgment to determine its responsibilities. In its complaint, Farmers claimed that because Blane was considered an "insured person," Christopher Kurzmann and Christopher Kurzmann, Jr., were not entitled to the coverage otherwise provided in the policy. Michigan has long declared such exclusions void as against public policy. In its complaint, Farmers admitted a responsibility to defend Christopher Kurzmann and Christopher Kurzmann, Jr. However, Farmers requested a ruling from the trial court limiting its indemnification obligation to the statutory minimum of $20,000, as opposed to the $250,000 limit provided in the policy.[1]

Farmers subsequently moved for summary disposition pursuant to MCR 2.116(C)(10). In its motion, Farmers argued that while its exclusionary provision is void, any reinstated coverage should be limited to the minimum amount required by statute. Farmers further argued that the rule of reasonable expectation was inapplicable in this case because the language excluding defendants from coverage was unambiguous. Kathryn Kurzmann responded by moving for a declaratory judgment and summary disposition pursuant to MCR 2.116(C)(8) and (10). Her position was that Farmers was bound by the liability limits expressed in the policy because the language was ambiguous and the exclusionary provision violated public policy. She further alleged that the rule of reasonable expectation required Farmers to abide by the coverage limits stated in the policy.

---

[1] Michigan's no-fault act requires residual-liability insurance with minimum policy limits for bodily injury of $20,000 per person and $40,000 per accident. See MCL 500.3101(1); MCL 500.3131; see also MCL 500.3009(1).

In a written opinion, the trial court denied plaintiff's motion for summary disposition and granted defendant's motion for a declaratory judgment and summary disposition. The trial court determined that the insurance policy was ambiguous because it specifically stated that it was in compliance with financial-responsibility laws and yet included an invalid limitation on bodily-injury coverage for its insureds. In reaching this decision, the trial court stated that "the insurance company issued an insurance policy that appears to not insure anyone it insures. The policy clearly violate [sic] parts of the Financial Responsibility Act and the No-Fault Act with which the policy explicitly states it complies." Because the policy was ambiguous, the trial court construed it against Farmers and held that the policy limits were applicable. Thereafter, the trial court awarded defendants $22,822.50 in attorney fees and $932.50 in costs. The trial court concluded that such sanctions were warranted because Farmers advocated a frivolous position in addition to violating discovery rules.

## II. HOUSEHOLD EXCLUSION PROVISION

Farmers initially contends that the trial court erroneously granted defendants' motion for summary disposition. According to Farmers, because the policy language was unambiguous, the appropriate remedy in this case was to limit the coverage in the policy to the minimum required by statute. We disagree. A trial court's decision on a motion for summary disposition in an action for a declaratory judgment is subject to review de novo. *Breighner v Michigan High School Athletic Ass'n, Inc*, 255 Mich App 567, 570; 662 NW2d 413 (2003). Similarly, the construction and interpreta-

tion of contracts are questions of law that we review de novo. *Morley v Automobile Club of Michigan*, 458 Mich 459, 465; 581 NW2d 237 (1998).

A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a complaint. *Beaudrie v Henderson*, 465 Mich 124, 129; 631 NW2d 308 (2001). When reviewing such a motion, a court must base its decision on the pleadings alone. *Id.* "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the non-movant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). Summary disposition is appropriate under MCR 2.116(C)(8) if a party has failed to state a claim on which relief could be granted and further factual development would not justify recovery. *Beaudrie, supra* at 129-130.

However, a motion pursuant to MCR 2.116(C)(10) tests the factual support of a plaintiff's claim and is only appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Auto-Owners Ins Co v Allied Adjusters & Appraisers, Inc*, 238 Mich App 394, 397; 605 NW2d 685 (1999). "In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), we consider the affidavits, pleadings, depositions, admissions, or any other documentary evidence submitted in a light most favorable to the nonmoving party to decide whether a genuine issue of material fact exists." *Singer v American States Ins*, 245 Mich App 370, 374; 631 NW2d 34 (2001).

An insurance policy is construed in accordance with well-settled principles of contract construction. *McKusick v Travelers Indemnity Co*, 246 Mich App 329, 332; 632 NW2d 525 (2001). However, insur-

ance contracts remain subject to statutory regulations. *Depyper v Safeco Ins Co of America*, 232 Mich App 433, 437; 591 NW2d 344 (1998). An insurance policy must be read as a whole in order to discern and effectuate the intent of the parties. *McKusick, supra* at 332. Therefore, if a clause in an insurance policy is clear and does not contravene public policy, it must be enforced as written. *Farm Bureau Mut Ins Co of Michigan v Nikkel*, 460 Mich 558, 568; 596 NW2d 915 (1999). " 'An insurer is free to define or limit the scope of coverage as long as the policy language fairly leads to only one reasonable interpretation and is not in contravention of public policy.' " *Id.*, quoting *Heniser v Frankenmuth Mut Ins Co*, 449 Mich 155, 161; 534 NW2d 502 (1995). When the language in an insurance contract is subject to more than one reasonable interpretation, it is considered ambiguous. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 467; 663 NW2d 447 (2003). Ambiguities in a contract generally raise questions of fact for the jury; however, if a contract must be construed according to its terms alone, it is the court's duty to interpret the language. *Id.* at 469. When the parties' intent in an insurance contract cannot be ascertained from the evidence submitted, any ambiguities should be construed against the insurer. *Id.* at 472, 474, 477 n 16.

For more than twenty years, it has been against the public policy of this state to include a provision in an insurance policy that excludes coverage for bodily injury to any insured or a member of the insured's family. *State Farm Mut Automobile Ins Co v Sivey*, 404 Mich 51, 57-58; 272 NW2d 555 (1978). The underlying rationale for this policy has been that the operation of such a provision "prevents coverage

required by the financial responsibility law [MCL 257.520(b)(2)]." *Id.* at 58. Under MCL 257.520(b)(2), liability insurance policies are required to

> insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle . . . .

The Michigan no-fault act, MCL 500.3101 *et seq.*, similarly requires that an automobile insurance policy provide for residual liability. Thus, it is clear from the pleadings alone that Farmers' exclusionary clause was void as against public policy.

A review of the record further supports defendant's claim that Farmers' position regarding the applicability of the statutory minimums lacks merit. We initially note that the argument presented by Farmers was addressed by this Court in *DAIIE v Parmelee*, 135 Mich App 567; 355 NW2d 280 (1984). *Parmelee* involved a similar factual situation wherein a mother was injured while a passenger in a vehicle that was being driven by her son. *Id.* at 568-569. The plaintiff insurance company in *Parmelee* claimed that it was not liable because its policy "contained an exclusionary clause which stated that liability protection does not apply to 'bodily injury to any named insured . . . .' " *Id.* at 569. Citing *State Farm Mut Automobile Ins Co v Shelly*, 394 Mich 448; 231 NW2d 641 (1975), the insurance company further stated that even if this exclusionary clause was invalid, any liability should be limited to the statutory minimums. *Parmelee, supra* at 569. *Parmelee*, however, rejected this rationale and held that when an insurance policy contains

an exclusion that the insurer knows or should know is void, the insurer may not rely on the void exclusion to reduce the policy coverage to the statutory minimum. *Id.* at 570. This Court declared that the exclusionary clause was *ambiguous* in light of the fact that the plaintiff knew the provision violated public policy and allowed its insured to pay for a policy containing additional residual bodily injury coverage beyond the amount required by law. *Id.*

Farmers, however, maintains that *Parmelee* was wrongly decided and that defendants are entitled only to the statutory minimum liability coverage because the exclusionary provision in the contract was unambiguous. Notably, Farmers completely fails to cite *any* authority that overrules or even criticizes the decision reached in *Parmelee*. Moreover, a review of the cases cited by Farmers shows that they either predate *Parmelee* or are distinguishable.

For instance, Farmers cites *Shelly, supra* at 449-450, for the proposition that if an unambiguous provision in an insurance contract is void, the reinstated coverage is limited to the minimum amount mandated by law. Not surprisingly, Farmers overlooks the fact that *Shelly* was decided before this Court's decision in *Parmelee*. Indeed, as previously indicated, *Parmelee, supra,* actually noted the plaintiff insurance company's reliance on *Shelly* for that same proposition but did not find it persuasive. Farmers' reliance on *Citizens Ins Co of America v Federated Mut Ins Co,* 448 Mich 225; 531 NW2d 138 (1995), is also without merit. In *Citizens, supra* at 227-228, the policy exclusion at issue actually dealt with an insurer's liability when the driver of the vehicle involved in an accident carried an insurance policy for a personal automobile

not involved in the accident. As explained in *State Farm Mut Automobile Ins Co v Enterprise Leasing Co*, 452 Mich 25, 31; 549 NW2d 345 (1996), *Citizens, supra* at 227, required the Court "to determine 'the validity of a vehicle owner's policy of liability insurance that denies coverage to any permissive user who is otherwise insured for an amount equal to that specified by the no-fault act.' " We also note that *Citizens* relied on *Shelly* when it determined that the reinstated coverage was limited to the statutory minimum. *Citizens, supra* at 234.

Likewise, a review of *Nikkel, supra,* fails to support Farmers' argument that *Parmelee* is no longer valid law. In *Nikkel,* our Supreme Court held that the rule of reasonable expectations is inapplicable where "no ambiguity exists in the nonowned automobile clause and the insured could have discovered the clause on examination of the contract." *Nikkel, supra* at 569. However, the policy in *Nikkel* actually involved an exception for "nonowned automobiles," as opposed to an "insured person exclusion." *Id.* at 560, 563. Unlike the exclusionary provisions at issue in this case and in *Parmelee,* it is not against the law for an insurance agency to limit its residual-liability coverage for a nonowned vehicle under the no-fault act. *Id.* at 563. Therefore, *Nikkel* does not affect the decision reached by this Court in *Parmelee.*

Once again, we specifically find that the "insured person" exclusion in this case is ambiguous and void as against public policy. Farmers allowed defendants to purchase liability benefits that were significantly higher than the statutory minimum. If defendants assumed that the terms of the insurance contract were in accordance with the laws of this state, as rep-

resented by Farmers, they could have reasonably concluded that they were insured for the stated coverage of $250,000/$500,000. Indeed, we note that an insurance agent for Farmers who assisted defendants expressed her understanding that Farmers was obligated to provide the stated coverage. Accordingly, we find that the trial court properly granted Kathryn Kurzmann's motion for summary disposition.

We see no reason why Farmers should benefit from the statutory minimums when they knowingly placed invalid exclusionary provisions in their policy and then allowed their insureds to purchase increased coverage. Farmers' blatant violation of the long-held public policy in this case is offensive and should not be condoned or rewarded. The trial court in this case made an apt observation when it concluded that Farmers' policy in this case was not only ambiguous but deceptive.[2]

### III. ATTORNEY FEES

Farmers also claims that the trial court's award of attorney fees was inappropriate. We disagree.

A trial court's decision to award attorney fees is reviewed for an abuse of discretion. *In re Attorney Fees & Costs*, 233 Mich App 694, 704-705; 593 NW2d 589 (1999). Likewise, a trial court's imposition of sanctions where a party fails to obey a discovery order, pursuant to MCR 2.313, will not be overturned

---

[2] Farmers also asserts that this Court should disregard its holding in *Parmelee, supra*, pursuant to MCR 7.215(I)(1), because it was decided before November 1, 1990. However, as stated earlier, we find the rationale expressed in *Parmelee* to be sound. We further iterate that *Parmelee*, regardless of the year it was decided, is binding precedent on the lower courts as a published decision of this Court. MCR 7.215(C)(2).

on appeal absent an abuse of discretion. *Massey v Ferndale*, 206 Mich App 698, 702; 522 NW2d 734 (1994). However, a trial court's finding that a claim was frivolous will not be reversed unless it was clearly erroneous. *In re Attorney Fees & Costs, supra* at 701.

Sanctions for bringing a frivolous action are warranted where the plaintiff, on the basis of a ruling in another case, has reason to believe that an action against the defendant lacks merit. See *Vermilya v Dunham*, 195 Mich App 79, 84; 489 NW2d 496 (1992). In this case, the argument presented by Farmers was specifically addressed and rejected by this Court in *Parmelee, supra.* Furthermore, Farmers failed to cite any case law overruling, criticizing, or distinguishing *Parmelee*.

We further find that the amount of attorney fees awarded in this case was within the trial court's discretion. Farmers claims that the trial court abused its discretion because it awarded attorney fees and costs that were incurred before the instant suit commenced. However, MCL 600.2591(1) states that

> [u]pon motion of any party, if a court finds that a civil action . . . was frivolous, the court . . . shall award to the prevailing party the costs and fees incurred by that party *in connection* with the civil action by assessing the costs and fees against the nonprevailing party and their attorney. [Emphasis added.]

A review of the record indicates that while some of the fees and costs were incurred before Farmers actually filed its complaint, they were all incurred after the date that Farmers improperly denied defendants' insurance claim. Accordingly, we find that the

trial court acted within its discretion in awarding defendants the full amount of the attorney fees that they incurred in connection with this action.

Because we find that the trial court properly awarded attorney fees and costs due to the frivolous nature of Farmers' action, we need not address Farmers' alternative claim that the trial court abused its discretion in assessing sanctions for Farmers' failure to comply with discovery orders. However, we note that Farmers does not dispute these violations. According to the court rules, a court *shall* require a party who disobeys an order compelling discovery to pay the reasonable expenses associated with that failure. MCR 2.313(B)(2). Indeed, "a trial court has inherent authority to impose sanctions on the basis of the misconduct of a party or an attorney." *Persichini v William Beaumont Hosp*, 238 Mich App 626, 639; 607 NW2d 100 (1999).

In this case, Farmers filed a clearly frivolous claim that was exacerbated by its failure to comply with discovery orders. On this record, we cannot find that the trial court's award of attorney fees and costs amounted to an abuse of discretion.

Affirmed.