FARM BUREAU INSURANCE COMPANY v ABALOS

Docket No. 269416. Submitted August 8, 2007, at Detroit. Decided
October 18, 2007, at 9:00 a.m. Leave to appeal sought.

Farm Bureau Insurance Company brought an action in the Monroe
Circuit Court against Maria and Marcos Abalos and Robert and
Adrienne Castellanos for a declaratory judgment regarding the
plaintiff's duty to defend or indemnify the Abalos defendants
under an automobile insurance policy issued in Michigan insuring
a vehicle owned by Maria Abalos, a Michigan resident. The vehicle,
while it was being driven in Ohio by Marcos Abalos, a Michigan
resident, had hit a vehicle occupied by the Castellanos defendants,
who were Ohio residents. The Abalos defendants failed to answer
a lawsuit brought against them in Ohio by the Castellanos
defendants. The Monroe Circuit Court, Michael W. LaBeau, J.,
entered a judgment declaring that the plaintiff had no duty to
defend or indemnify the Abalos defendants, who failed to appear or
defend the action, but also holding that the Castellanos defendants
were entitled to the minimum amount of Michigan statutory
residual liability coverage. The plaintiff appealed.

The Court of Appeals *held*:

1. The circuit court properly treated this action as strictly a
contract action, not a hybrid action sounding in contract and tort
as alleged by the plaintiff.

2. The court properly determined that Michigan law governs
the insurance policy, which does not contain a choice-of-law
provision. The plaintiff failed to establish any interest of Ohio in
the insurance policy that would support applying Ohio law.

3. The court properly held that the Castellanos defendants are
entitled to residual liability insurance benefits. However, MCL
500.3131(1) provides that the scope of liability for such benefits is
to be determined by the financial responsibility laws of the place
where the injury occurs. The court's declaratory judgment must be
modified to require the application of Ohio's financial responsibil-
ity law to determine the compulsory, minimum residual liability
insurance, if any, that applies to the Castellanos defendants.

Affirmed as modified.

INSURANCE — NO-FAULT — RESIDUAL LIABILITY INSURANCE.

> An insured's failure to cooperate with an insurer providing no-fault automobile insurance is not a valid defense against a third party seeking residual liability insurance benefits to the extent that the residual liability insurance is compulsory; the scope of residual liability insurance is determined by the financial responsibility laws of the place where the injury occurred (MCL 500.3131[1]).

*Kopka, Pinkus, Dolin & Eads, PLC* (by *Mark L. Dolin*), for Farm Bureau Insurance Company.

*Kalniz, Iorio & Feldstein Co., LPA* (by *Jay E. Feldstein*), for Robert and Adrienne Castellanos.

Before: DAVIS, P.J., and SCHUETTE and BORRELLO, JJ.

PER CURIAM. In this action for declaratory judgment, plaintiff appeals as of right from a default judgment in plaintiff's favor against its insureds, Maria and Marcos Abalos, in which the court also ordered and adjudged that "the minimum Michigan statutory residual liability insurance amount" applies to plaintiff's liability to defendants Robert and Adrienne Castellanos. We affirm the trial court's determination that the Abalos defendants' failure to cooperate with plaintiff is not a defense to the extent that residual liability insurance is compulsory, but modify its ruling that the minimum amount of residual liability to the Castellanos defendants is governed by Michigan's financial responsibility law.

## I. FACTS

The Castellanos defendants, Ohio residents, were involved in an automobile accident in Ohio, when their vehicle was hit from behind by a vehicle driven by defendant Marcos Abalos and owned by defendant Maria Abalos, who were Michigan residents. The Castellanos defendants filed suit in Ohio against the Abalos

defendants, seeking recovery for their injuries. The Abalos defendants failed to answer the Ohio lawsuit. Plaintiff then sought a declaratory judgment in Michigan, requesting a declaration that because of the Abalos defendants' lack of cooperation, plaintiff had no duty to defend or indemnify the Abalos defendants under its insurance policy. Alternatively, plaintiff requested a declaration that reduced the Abalos defendants' policy limits to Michigan's residual liability coverage only, i.e, a maximum of $20,000. The trial court concluded that plaintiff did not have a duty to defend or indemnify the Abalos defendants. However, it also concluded that the Castellanos defendants were entitled to Michigan's statutory residual liability coverage. Plaintiff now appeals.

## II. STANDARD OF REVIEW

In a declaratory judgment action, the trial court may declare the rights and other legal relations of an interested party. MCR 2.605(A)(1). Although plaintiff moved for declaratory relief with respect to the Castellanos defendants' interest in the insurance policy when seeking a default judgment against the Abalos defendants, we agree with plaintiff that its motion with respect to the Castellanos defendants' interest was essentially one seeking summary disposition. "A trial court's decision on a motion for summary disposition in an action for a declaratory judgment is subject to review de novo." *Farmers Ins Exch v Kurzmann*, 257 Mich App 412, 416; 668 NW2d 199 (2003). An appellate court will review a trial court's decision under the correct rule. *Spiek v Dep't of Transportation*, 456 Mich 331, 338; 572 NW2d 201 (1998). We have reviewed the trial court's decision under MCR 2.116(C)(10), because the record presented to the trial court was not limited to the pleadings. A

motion under MCR 2.116(C)(10) tests the factual support for a claim and is "only appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Farmers Ins Exch, supra* at 417. The affidavits, pleadings, depositions, admissions, and other documentary evidence must be considered in a light most favorable to the nonmoving party to determine if there is a genuine issue of material fact for trial. *Id.*

### III. ANALYSIS

Addressing first the parties' dispute regarding whether Michigan or Ohio law applies, we reject plaintiff's claim that this case should be treated as a hybrid action sounding in contract and tort. In general, there must be some breach of duty distinct from a breach of contract to support a tort. *Rinaldo's Constr Corp v Michigan Bell Tel Co*, 454 Mich 65, 83-84; 559 NW2d 647 (1997). Here, plaintiff does not seek a declaration regarding tort liability, but only its contractual obligation to pay insurance benefits to the Castellanos defendants, Ohio residents whose vehicle was struck in Ohio by a vehicle owned by Maria Abalos and operated by Marcos Abalos, both of whom were Michigan residents. The Abalos defendants' alleged failure to cooperate, not the automobile accident in Ohio, was the triggering event for this lawsuit. The Castellanos defendants' interest in this action arises only from their potential ability to reach insurance benefits available under plaintiff's insurance policy. The trial court properly treated this action as strictly a contract action.

Examined in this context, we reject plaintiff's argument that Ohio law governs the insurance policy that plaintiff issued to Maria Abalos. The parties do not dispute that the insurance policy does not contain a

choice-of-law provision. Thus, we must balance the expectations of the contracting parties and the interests of Michigan and Ohio to determine which law to apply. *Chrysler Corp v Skyline Industrial Services, Inc*, 448 Mich 113, 125; 528 NW2d 698 (1995). The principal place of risk can be significant where a case involves an insurance contract for a chattel, such as an automobile. See 1 Restatement Conflict of Laws, 2d, § 193, comments a to c, pp 610-613. Here, however, the record indicates nothing more than the happenstance of an automobile accident in Ohio involving Ohio residents (the Castellanos defendants) and a Michigan resident (Marcos Abalos), while the Michigan resident's vehicle was insured under a policy issued to Maria Abalos in Michigan. As a matter of law, we agree with the trial court's determination that Michigan law governs the insurance policy. Plaintiff has failed to establish any interest of Ohio in the insurance policy that supports applying Ohio law.

Applying Michigan law to this case, our Supreme Court has held that an insured's failure to cooperate with an insurer is not a valid defense against a third party seeking residual liability insurance benefits to the extent that the residual liability insurance is compulsory. *Coburn v Fox*, 425 Mich 300; 389 NW2d 424 (1986). Therefore, we agree with the trial court that the Castellanos defendants are entitled to residual liability insurance benefits. But unlike *Coburn*, this case does not involve an accident in Michigan. Rather, the accident in this case occurred in Ohio.

MCL 500.3131(1) provides:

> Residual liability insurance shall cover bodily injury and property damage which occurs within the United States, its territories and possessions, or in Canada. *This insurance shall afford coverage equivalent to that required as evidence*

*of automobile liability insurance under the financial re-
sponsibility laws of the place in which the injury or damage
occurs.* In this state this insurance shall afford coverage for
automobile liability retained by section 3135. [Emphasis
added.]

Under this statute, the scope of residual liability insur-
ance is determined by the financial responsibility laws
of the place where the injury occurs. *Kleit v Saad*, 153
Mich App 52, 56; 395 NW2d 8 (1985). Therefore,
because the accident occurred in Ohio, it follows that
Ohio's financial responsibility law must be applied to
determine the amount of compulsory residual liability
insurance that is not subject to the defense of noncoop-
eration.

We express no opinion regarding whatever tort law
might be available to the Castellanos defendants in
their Ohio civil action against the Abalos defendants.
Limiting our review to the contract dispute before us,
we affirm the trial court's decision to apply Michigan
law, but modify its declaratory ruling to require appli-
cation of Ohio's financial responsibility law, pursuant to
MCL 500.3131(1), to determine the compulsory, mini-
mum residual liability insurance, if any, that applies to
the Castellanos defendants.

Affirmed as modified.