# STATE OF MICHIGAN

# COURT OF APPEALS

---

HOME-OWNERS INSURANCE COMPANY and
AUTO-OWNERS INSURANCE COMPANY,

Plaintiffs-Appellants,

v

KRISTEN SMITH, as Next Friend of A.S., a
Minor, and SHERRY GESMUNDO, as Next
Friend of ALLEN DUEWEKE, a Minor,

Defendants-Appellees.

FOR PUBLICATION
January 12, 2016
9:10 a.m.

No. 322694
Kalamazoo Circuit Court
LC No. 2013-000441-CK

---

Before: BOONSTRA, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Plaintiffs Home-Owners Insurance Company and Auto-Owners Insurance Company appeal the trial court's order denying their motions for summary disposition pursuant to MCR 2.116(C)(10). We reverse and remand for entry of an order granting plaintiffs' motions.

On August 20, 2012, 16-year-old Allen Dueweke was employed by the Bronson Athletic Club as a camp counselor. He was supervising a group of young children in a gymnasium. A.S., a seven-year-old girl, was among the children Dueweke was supervising. While Dueweke was playing a game of tag with A.S., he went into a storage closet connected to the gymnasium. A.S. followed him, and Dueweke closed the door. While he was alone with A.S. in the closet, he pulled down her pants and underwear, pulled down his own pants and underwear, and touched A.S.'s vagina. Then, he caused A.S. to touch his penis. As a result of this incident, Dueweke was charged criminally and pleaded guilty to fourth-degree criminal sexual conduct on March 7, 2013. Defendant Kristen Smith as next friend of A.S. sued Joseph Gesmundo, as next friend of Dueweke, on May 2, 2013. Defendant Sherry Gesmundo was appointed as Dueweke's next friend on July 8, 2013 and was substituted for Joseph. Kristen alleged that Dueweke committed battery and intentional infliction of emotional distress (IIED) upon A.S. on August 20, 2012,

-1-

causing A.S. to suffer physical pain and mental anguish resulting in costs for medical care and treatment.[1]

Plaintiffs Home-Owners and Auto-Owners each issued an insurance policy to Joseph that was in effect when Dueweke committed sexual misconduct against A.S. The Home-Owners policy stated that Home-Owners would "pay all sums any **insured** becomes legally obligated to pay as damages because of or arising out of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies." The policy defined an "occurrence" as "an accident that results in **bodily injury** or **property damage** and includes, as one **occurrence**, all continuous or repeated exposure to substantially the same generally harmful conditions." The policy further stated that Home-Owners would settle or defend "any claim or suit for damages covered by this policy." The policy contained an exclusionary provision stating that it did not cover bodily injury "reasonably expected or intended by the inured." The Auto-Owners policy stated that Auto-Owners would cover "damages because of personal injury or property damage which occurs anywhere in the world." However, it excluded from coverage "[p]ersonal injury or property damage expected or intended by the insured."

Joseph claimed coverage under the policies with regard to the underlying suit. Home-Owners informed Joseph that it would defend the underlying suit but reserved its right to contest its obligation to do so. On September 13, 2013, plaintiffs requested a declaratory judgment from the trial court that they had no duty to indemnify or defend with regard to the underlying suit. They argued that because the underlying suit was based on Dueweke's sexual misconduct, the resulting injuries were intended or expected; therefore, damages arising from those injuries were not covered under either the Home-Owners or Auto-Owners policies. Plaintiffs moved for summary disposition on April 24, 2014, arguing that Dueweke intended or expected to injure A.S. "as a matter of law." They assert the following for their position: (1) Dueweke's own deposition testimony; (2) the fact that he committed sexual misconduct, and (3) the claims in the underlying suit alleged intentional torts. The trial court denied their motion, holding that Dueweke's deposition testimony did not establish as a matter of law that he intended or expected to injure A.S., that because he was a minor such intent could not be inferred as a matter of law, and that the torts of battery and IIED did not require intent to injure. This Court denied plaintiffs' application for leave to appeal the trial court's denial of their motion for summary disposition, but our Supreme Court, in lieu of granting leave to appeal, remanded the case to this Court for consideration as on leave granted. *Home-Owners Ins Co v Smith*, 498 Mich 864, 864; 866 NW2d 440 (2015).

This Court reviews de novo a trial court's decision regarding a motion for summary disposition. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). This

---

[1] Kristen also alleged counts of negligence and willful or wanton misconduct against Bronson Athletic Club and Medsport Athletic Clubs, L.L.C. as the manager of Bronson's operations. The trial court's grant of summary disposition to Bronson and Medsport on May 16, 2014 was affirmed by this Court. *Smith v Bronson Lifestyle Improvement & Research Ctr Co*, unpublished opinion per curiam of the Court of Appeals, issued December 15, 2015 (Docket No. 321813).

Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party. Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id.* Also, "the construction and interpretation of an insurance contract is a question of law" that this Court reviews de novo. *Henderson v State Farm Fire & Cas Co*, 460 Mich 348, 353; 596 NW2d 190 (1999).

"An insurance policy is construed in accordance with well-settled principles of contract construction." *Farmers Ins Exch v Kurzmann*, 257 Mich App 412, 417; 668 NW2d 199 (2003). "The goal of contract interpretation is to first determine, and then enforce, the intent of the parties based on the plain language of the agreement." *Harbor Park Market, Inc v Gronda*, 277 Mich App 126, 130; 743 NW2d 585 (2007). Thus, unless otherwise defined in the policy, its terms will be read and enforced according to their " 'commonly used meaning.' " *Allstate Ins Co v McCarn*, 466 Mich 277, 280; 645 NW2d 20 (2002), quoting *Frankenmuth Mut Ins Co v Masters*, 460 Mich 105, 111; 595 NW2d 832 (1999). Clear and specific exclusions must be enforced as written so that the insurance company is not held liable for a risk it did not assume. *Group Ins Co of Mich v Czopek*, 440 Mich 590, 596-597; 489 NW2d 444 (1992). A court must first determine if an insurance policy provides coverage; then determine if coverage is excluded. *Auto-Owners Ins Co v Harrington*, 455 Mich 377, 382; 565 NW2d 839 (1997).

There is no dispute Dueweke is an insured under the Home-Owners and Auto-Owners policies because he is Sherry's son; Sherry was married to Joseph Dueweke, and all three resided together at the time of the sexual misconduct. There is also no dispute that the underlying suit alleges bodily injuries as defined under the policies. The Home-Owners' policy covered loss resulting from an occurrence, which the policy defined as "an accident that results in **bodily injury** . . . ." The policy did not define "accident," but in such cases the Supreme Court has "repeatedly stated that 'an accident is an undesigned contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated and not naturally to be expected.' " *McCarn*, 466 Mich at 281, quoting *Masters*, 460 Mich at 114. "Accidents are evaluated from the standpoint of the insured, not the injured party." *Id.* at 282. "[T]he appropriate focus of the term 'accident' must be on both 'the injury-causing *act* or *event* and its relation to the resulting property damage or personal injury.'" *Id.*, quoting *Masters*, 460 Mich at 115.

> [I]f both the act and the consequences were intended by the insured, the act does not constitute an accident. On the other hand, if the act was intended by the insured, but the consequences were not, the act does constitute an accident, unless the intended act created a direct risk of harm from which the consequences should reasonably have been expected by the insured. [*Id.* at 282-283.]

"[T]he question is not whether a *reasonable person* would have expected the consequences, but whether the *insured* reasonably should have expected the consequences." *Id.* at 283.

Because there is no evidence that Dueweke intended to harm A.S., his actions "constitute an accident, unless the intended act created a direct risk of harm from which the consequences should reasonably have been expected by the insured." *Id.* We conclude that Dueweke's

-3-

deposition testimony establishes that he "reasonably should have expected" to injure A.S. when he committed sexual misconduct against her. *Id.* Dueweke testified that at the time he molested A.S., he was aware of what sex was; he knew it was wrong to touch a person in a sexual way without asking that person; he knew that such nonconsensual touching could harm the other person; he knew "that it was as big of a deal as it was" when he was in the closet with A.S.; he knew "the significant impacts" that nonconsensual sexual touching could have on a person, and he knew that such touching could cause lifelong problems. Although Dueweke also testified that he was not thinking of injuring A.S. or the possibility of injuring her at the time he molested her, the fact that he knew such injury was possible meant that he "reasonably should have expected" that molesting her would injure her. *Id.* We conclude that because reasonable minds could not draw a different conclusion from this evidence, *1300 LaFayette East Coop, Inc v Savoy*, 284 Mich App 522, 525; 773 NW2d 57 (2009), there is no genuine question of fact that Dueweke reasonably should have expected his actions to injure. Therefore, there is no genuine question of fact that Dueweke's sexual assault did not constitute an "accident" or an "occurrence" under the Home-Owners policy. *McCarn*, 466 Mich at 281-283. Because Dueweke's actions did not constitute an "occurrence" under the plain meaning of the policy, the Home-Owners' policy did not cover damages arising from those actions. *Id.* Therefore, summary disposition should have been granted to Home-Owners regarding coverage under its policy. *Latham*, 480 Mich at 111.

Moreover, the exclusionary provision in the Home-Owners' policy precludes coverage. That provision stated that the policy did not apply to bodily injury "reasonably expected or intended by the **insured**." The inclusion of the phrase "by the insured" indicates that the provision applies only where the insured subjectively reasonably expected or intended injury. *Harrington*, 455 Mich at 383. The counts of battery and IIED against Dueweke in the underlying suit are premised on injuries A.S. suffered as a result of Dueweke's sexually touching her on August 20, 2012. There is no dispute that Dueweke acted intentionally when he touched her. Moreover, he admits in his deposition testimony that when he engaged in that touching, he was aware that such conduct could cause injury. Despite the fact that Dueweke also testified that he did not intend to injure A.S., and he was not thinking of injuring her when he engaged in the sexual misconduct, his testimony shows that there is no genuine question of fact that he was aware that "harm was likely to follow from his conduct." *Id.* at 384. Thus, the policy exclusion for bodily injury "reasonably expected or intended by the insured" applies and is another basis for granting Home-Owners summary disposition. *Id.* at 385-386; *Latham*, 480 Mich at 111. Additionally, the Auto-Owners' policy also precludes recovery for damage "expected or intended by the insured[,]" *Harrington*, 455 Mich at 385-386, so summary disposition should also have been granted to Auto-Owners, *Latham*, 480 Mich at 111.

Sherry argues that pursuant to *Fire Ins Exch v Diehl*, 450 Mich 678, 690; 545 NW2d 602 (1996), overruled in part on other grounds by *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 59 (2003), this Court cannot conclude as a matter of law that Dueweke reasonably expected to injure A.S. because he was a minor at the time he committed sexual misconduct. In *Diehl*, 450 Mich at 681, a boy committed sexual misconduct twice when he was between seven and nine years old against a girl who was younger than he. The boy testified that he did not intend to injure the girl and that he did not know that his conduct could injure her. *Id.* 681-682. The girl's mother sued the boy's parents for physical and emotional damages. *Id.* at 682. The plaintiff in that case insured the boy and his parents and sought a declaratory judgment that it was under no obligation to indemnify or defend. *Id.* The plaintiff argued that the policy excluded coverage for

intentional acts, and, because the damages arose from sexual misconduct, the boy's intent to injure must be inferred as a matter of law. *Id.* Our Supreme Court held that "courts should infer the intent to injure where an adult sexually assaults a child." *Id.* at 689-690. But the Court ruled that inferring intent to injure as a matter of law is inappropriate when a child sexually assaults someone because children, "as a group, do not have the capability to understand the consequences of their sexual acts." *Id.* at 690.

*Diehl* is inapplicable because Dueweke's deposition testimony shows as a matter of undisputed fact that he should have reasonably expected his conduct to injure A.S., as discussed above. Therefore, no legal inference is needed to arrive at this conclusion. In other words, *Diehl* held that "courts should infer the intent to injure where an adult sexually assaults a child." *Id.* at 689-690. This is because "certain acts . . . are of such a nature that the insured's intent to injure can be inferred as a matter of law." *State Mut Ins Co v Russell*, 185 Mich App 521, 526; 462 NW2d 785 (1990). Such an inference is improper when a child commits sexual misconduct because children as a group do not understand the consequences of such actions. *Diehl*, 450 Mich at 690. Here, it is not the fact that Dueweke committed sexual misconduct—i.e., it was not his "act" of sexual misconduct—that allows this Court to conclude that there is no dispute of material fact that Dueweke should reasonably have expected or intended injury; rather, it is his own deposition testimony that requires such a conclusion, *McCarn*, 466 Mich at 285. Because *Diehl* does not apply to this case, we decline to address plaintiffs' arguments as to why it compels this Court to infer Dueweke's intent as a matter of law. Further, because summary disposition for plaintiffs is proper for the reasons discussed, this Court does not need to address plaintiffs' remaining arguments.

We reverse the trial court's order denying plaintiffs' motions for summary disposition and remand for the trial court to enter an order granting plaintiffs' motions. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Jane E. Markey