# STATE OF MICHIGAN

# COURT OF APPEALS

---

EMPLOYERS MUTUAL CASUALTY
COMPANY,

        Plaintiff/Counter-Defendant-
Appellee,

v

HELICON ASSOCIATES, INC. and ESTATE OF
MICHAEL J. WITUCKI,

        Defendants/Counter-Plaintiffs,

and

DR. CHARLES DREW ACADEMY and
JEREMY GILLIAM,

        Defendants,

and

WELLS FARGO ADVANTAGE NATIONAL
TAX FREE FUND, WELLS FARGO
ADVANTAGE MUNICIPAL BOND FUND,
LORD ABBETT MUNICIPAL INCOME FUND,
INC. and PIONEER MUNICIPAL HIGH
INCOME ADVANTAGE,

        Defendants-Appellants.

FOR PUBLICATION
December 1, 2015
9:00 a.m.

No. 322215
Wayne Circuit Court
LC No. 12-002767-CK

---

Before: METER, P.J., and WILDER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendants, Wells Fargo Advantage National Tax Free Fund, Wells Fargo Advantage Municipal Bond Fund, Lord Abbett Municipal Income Fund, Inc., and Pioneer Municipal High Income Advantage (hereinafter "the Funds"), appeal as of right the order granting summary

-1-

disposition in favor of plaintiff/counter-defendant, Employers Mutual Casualty Company (hereinafter "EMC"), in this declaratory judgment action. We affirm.

This case arises out of the outcome of a prior federal suit initiated by the defendants in this matter against parties who, in relevant part, were insured by EMC. Briefly, the Funds had purchased approximately $7 million in bonds issued by a charter school operated by Helicon Associates, Inc. (Helicon), which in turn was managed by Michael J. Witucki.[1] The charter school was, however, not legally authorized to issue its own debt. Facing the threat of having its charter revoked, the school "had to 'unwind' the bond issue, and [the Funds] accepted $3.2 million in newly issued bonds in lieu of their original $7 million investment." In the ensuing federal court securities action, defendants pursued claims pertaining to the bond issuance, including violations of various securities and "blue sky" laws, in addition to tort claims. The federal action resulted in a consent judgment acknowledging violation of the Connecticut Uniform Securities Act (CUSA), Conn Gen Stat § 36b-29(a)(2), and awarding the Funds more than $4 million, including costs and attorney fees.

EMC provided Helicon and Witucki with a defense in the federal action under a reservation of rights, but commenced the instant declaratory judgment action seeking to establish that indemnity coverage was not available, under its Linebacker or Umbrella policies with Helicon and Witucki, for the claims asserted in the federal action. EMC did not dispute that Helicon and Witucki are insureds, but argued that four separate exclusions (return of remuneration, personal profit or advantage, guarantee on bonds, and fraud or dishonesty) applied, each of which would independently preclude coverage. Helicon and Witucki counterclaimed for breach of contract and "bad faith." The trial court found that three of the four cited exclusions applied, and it therefore granted summary disposition in favor of EMC.

A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When reviewing a motion under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint, this Court considers all evidence submitted by the parties in the light most favorable to the non-moving party and grants summary disposition only where the evidence fails to establish a genuine issue regarding any material fact. *Id*. at 120.

In addition, questions of contract interpretation are reviewed de novo. *Burkhardt v Bailey*, 260 Mich App 636, 646; 680 NW2d 453 (2004). Courts enforce contracts in accordance with their terms, giving the contract words their plain and ordinary meanings. *Reicher v SET Enterprises, Inc*, 283 Mich App 657, 664; 770 NW2d 902 (2009). "An unambiguous contractual provision reflects the parties' intent as a matter of law, and '[i]f the language of the contract is unambiguous, we construe and enforce the contract as written.' " *Id.* (citation omitted). "The primary goal in the construction or interpretation of any contract is to honor the intent of the parties." *Stone v Auto-Owners Ins Co*, 307 Mich App 169, 174; 858 NW2d 765 (2014) (citation

---

[1] Witucki died in November of 2009 and his estate was substituted as a defendant in the federal court action.

omitted). Insurance contracts are generally treated the same as any other contract, but it is incumbent on an insured to show coverage and incumbent on the insurer to show that an exclusion applies. *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377-379; 836 NW2d 257 (2013).

As noted, EMC asserted that four exclusions in its Linebacker policy to preclude coverage: "personal profit or advantage," "return of remuneration," "fraud or dishonesty," and "guarantees on bond issues." The trial court did not specifically address the return of remuneration exclusion, but it found the other three to apply. The Funds do not dispute that if any of the exclusions apply, coverage is precluded.

The fraud or dishonesty provision excludes coverage for:

> Any action brought against an "insured" if by judgment or adjudication such action was based on a determination that acts of fraud or dishonesty were committed by the "insured."

The Funds contend that this provision is not applicable because the underlying securities action did not adjudicate the issue of fraud or dishonesty. Specifically, the Funds argue that the securities action negligence-based and fraud was not a necessary component for liability. The Funds further assert that the trial court ignored the language of the provision, which required a judgment or adjudication to effectuate the exclusion, and that the trial court's ruling rendered the policy to be illusory. We disagree.

The consent judgment that concluded the federal action was premised on a violation of the CUSA, § 36b-29(a)(2). First, although a consent judgment in the abstract is more in the nature of a contract or settlement, it *becomes* a court judgment when "sanctioned" by the court. *Acorn Investment Co v Michigan Basic Property Ins Ass'n*, 495 Mich 338, 354; 852 NW2d 22 (2014). Consequently, a consent judgment may have an exceptional genesis but "*once entered*, consent judgments are treated the same as litigated judgments in terms of their force and effect." *Clohset v No Name Corp*, 302 Mich App 550, 572; 840 NW2d 375 (2013) (emphasis in original). The Federal Rules of Civil Procedure define a "judgment" as "a decree and any order from which an appeal lies." Fed R Civ P 54(a). Consequently, the consent judgment here is, for all conceivably relevant purposes, just another judgment.

Second, the specific statute provides, in relevant part:

> *(a) Any person who . . . offers or sells or materially assists any person who offers or sells a security by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, who knew or in the exercise of reasonable care should have known of the untruth or omission, the buyer not knowing of the untruth or omission, and who does not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission, is liable to the person buying the security, who may sue either at law or in equity to recover the consideration paid for the security, together with interest at eight per cent per year*

-3-

from the date of payment, costs and reasonable attorneys' fees, less the amount of any income received on the security, upon the tender of the security, or for damages if he no longer owns the security. [Emphasis added.]

Witucki and Helicon assisted in the offering and sale of bonds to the Funds without the proper authority, resulting in a substantial loss in the value of the investment when the bonds were required to be reissued. Pursuant to the plain language of the above statute, the consent judgment, by finding a violation of that statute, necessarily found that Witucki and Helicon made "untrue statement[s] of material fact" or "omission[s] to state a material fact." The word "dishonest" is defined in *Black's Law Dictionary* (10th ed) as "Deceitfulness as a character trait; behavior that deceives or cheats people; *untruthfulness*; untrustworthiness" (emphasis added). Because statements and representations made by Helicon and Witucki were "untrue," and those statements and representations comprised the statutory violation, they committed acts of fraud or dishonesty within the meaning of the policy exclusion.

The Funds further suggest that application of the exclusion renders coverage to be illusory. As discussed in *Ile v Foremost Ins Co*, 293 Mich App 309, 315-316; 809 NW2d 617 (2011), reversed on other grounds *Ile ex rel Estate of Ile v Foremost Ins Co*, 493 Mich 915 (2012):

> An "illusory contract" is defined as "[a]n agreement in which one party gives as consideration a promise that is so insubstantial as to impose no obligation. The insubstantial promise renders the agreement unenforceable." A similar, more specific concept exists in the realm of insurance. The "doctrine of illusory coverage" encompasses "[a] rule requiring an insurance policy to be interpreted so that it is not merely a delusion to the insured. Courts avoid interpreting insurance policies in such a way that an insured's coverage is never triggered and the insurer bears no risk." [Citations omitted.]

"[T]he doctrine of illusory coverage is applicable 'where part of the [insurance] premium is specifically allocated to a particular type or period of coverage and that coverage turns out to be functionally nonexistent.' " *Id.* at 320-321 (citation omitted). Simply put, we are at a loss to comprehend how an exclusion based on "acts of fraud or dishonesty" renders the policy or coverage illusory absent an argument that fraud or dishonesty is intrinsically necessary to Helicon's and Witucki's operations, which we do not accept. Mere negligence will not trigger the exclusion. Hence, the coverage cannot be construed to be illusory because situations exist or could occur that will permit recovery.

Based on our finding that the trial court correctly determined the applicability of the fraud and dishonesty exclusion, we need not consider the remaining policy exclusions.

Affirmed.

/s/ Patrick M. Meter
/s/ Kurtis T. Wilder
/s/ Amy Ronayne Krause