# STATE OF MICHIGAN

# COURT OF APPEALS

STEPHEN GROWE,

      Plaintiff-Appellee,

v

ASHLEY WOODFIN and ANNETTE
WOODFIN,

      Defendants,

and

HOME-OWNERS INSURANCE COMPANY,

      Defendant-Appellant.

UNPUBLISHED
March 16, 2017

No. 330706
Oakland Circuit Court
LC No. 2015-147655-NI

Before: RIORDAN, P.J., and METER and FORT HOOD, JJ.

PER CURIAM.

Defendant-appellant (defendant) appeals by leave granted from an order denying its motion for summary disposition. We reverse.

On June 19, 2015, plaintiff filed an amended complaint alleging that, on or about May 27, 2015, at approximately 8:20 a.m., he was driving a motorcycle northbound on Coolidge Highway near the intersection with Albert Avenue in Royal Oak. Plaintiff alleged that Ashley Woodfin was operating a vehicle owned by Annette Woodfin when she "negligently, recklessly and carelessly fail[ed] to yield to oncoming traffic with the right of way," "failed to stop for a stop sign," and hit plaintiff's motorcycle, causing multiple serious injuries. Plaintiff argued that Annette was liable based on the owner's liability statute, MCL 257.401, and that Ashley was liable for failing to drive properly.

-1-

Plaintiff also set forth a count against defendant,[1] stating that, at a time before May 27, 2015, defendant issued an insurance policy to plaintiff and the policy provided for underinsured motorist (UIM) coverage. Plaintiff alleged that the vehicle driven by Ashley was an "underinsured vehicle" and that defendant was liable for coverage.

On October 21, 2015, defendant filed a motion for summary disposition under MCR 2.116(C)(10), alleging that plaintiff did have a policy[2] with defendant but that the motorcycle was not insured under that policy but instead was insured through Harley-Davidson Insurance. Defendant further alleged that its policy with defendant provided an exclusion for UIM coverage if the injured person was occupying an automobile owned or leased by him or her and the automobile was (1) designed primarily for use on public roads, (2) required to be registered and licensed, and (3) not insured for UIM coverage under the policy. Defendant argued that the motorcycle qualified as an "automobile" and that the other conditions applied such that defendant was not liable for UIM coverage. Defendant claimed that the motorcycle was "not insured for [UIM] coverage under the policy" because the Harley-Davidson policy covered the motorcycle.

Plaintiff filed a response on November 18, 2015. Plaintiff stated that defendant's UIM coverage form indicated that UIM coverage applied whenever plaintiff was not occupying an automobile covered by the main liability policy. Plaintiff stated that, "[a]t the time of the accident, [he] was not occupying either of the automobiles listed in the declarations of" defendant's policy (a 2015 Honda Civic and a 2015 Nissan Rogue) and that, therefore, UIM coverage applied for the accident. Plaintiff argued that the exclusion relied on by defendant was inapplicable because it employed the phrase "any person" instead of "you" (meaning plaintiff), and the policy as a whole made a distinction between "any person" and "you."

Defendant filed a reply on November 25, 2015. Defendant emphasized that plaintiff was not contesting that the motorcycle was an "automobile" and was insured under a policy with an insurer other than defendant. Defendant noted that plaintiff's argument rested on the assertion that the phrase "any person" did not include plaintiff. Defendant stated that this assertion was untenable because "any person" is an all-encompassing phrase.

The motion hearing took place on December 2, 2015. The trial court concluded that plaintiff's interpretation had to be correct because otherwise the main section allowing for UIM coverage would be rendered "completely meaningless[.]"

On December 9, 2015, the trial court entered an order denying defendant's motion "for reasons stated . . . on the record."

---

[1] Plaintiff also set forth a claim against Progressive Marathon Insurance Company, but later voluntarily dismissed this claim.

[2] This policy covered two other vehicles.

This Court reviews de novo a trial court's decision regarding a motion for summary disposition. *Lakeview Commons v Empower Yourself LLC*, 290 Mich App 503, 506; 802 NW2d 712 (2010). "A motion brought pursuant to MCR 2.116(C)(10) tests the factual support of a plaintiff's claim, and is reviewed by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Id*. "Summary disposition is proper if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. (quotation marks and citation omitted).

"An insurance policy is construed in accordance with well-settled principles of contract construction." *Farmers Ins Exch v Kurzmann*, 257 Mich App 412, 417; 668 NW2d 199 (2003). A policy "must be read as a whole in order to discern and effectuate the intent of the parties." *Id*. at 418. Unless a term is defined in a policy, it will be read and enforced according to its commonly-used meaning. *Allstate Ins Co v McCarn*, 466 Mich 277, 280; 645 NW2d 20 (2002). If a provision in a policy is clear and unambiguous and does not contravene public policy, it must be interpreted and enforced as written. *Kurzmann*, 257 Mich App at 418. A court must first determine if an insurance policy provides coverage and then determine whether an exclusion applies that negates coverage. *Auto-Owners Ins Co v Harrington*, 455 Mich 377, 382; 565 NW2d 839 (1997).

Plaintiff relies on ¶ 2(b)(1)(a) of the policy. Paragraph 2 provides, in relevant part:

**2. COVERAGE**

**a.** **We** will pay compensatory damages, including but not limited to loss of consortium, any person is legally entitled to recover from the owner or operator of an **underinsured automobile** because of **bodily injury** sustained by an injured person while **occupying** an **automobile** that is covered by **SECTION II – LIABILITY COVERAGE** of the policy.

**b.** This coverage is extended to **you**, as an individual as follows:

**(1)** **We** will pay compensatory damages, including but not limited to loss of consortium, **you** are legally entitled to recover from the owner or operator of an **underinsured automobile** because of **bodily injury you** sustain:

**(a)** when **you** are not **occupying** an **automobile** that is covered by **SECTION II – LIABILITY COVERAGE**; or

**(b)** when **occupying** an **automobile you** do not own which is not covered by **SECTION II – LIABILITY COVERAGE** of the policy.

Defendant and plaintiff agree that the motorcycle was an "automobile" under the policy. Plaintiff maintains that he is entitled to coverage under ¶ 2(b)(1)(a) because he was not occupying an automobile that was covered under section II of the policy at the time of the accident. As previously noted, section II covered only a 2015 Honda Civic and a 2015 Nissan Rogue.

Defendant relies on ¶ 3(b)(3) of the policy and argues that, notwithstanding ¶ 2, coverage is excluded under ¶ 3(b)(3). Paragraph 3 provides, in relevant part:

**3. EXCLUSIONS**

Underinsured Motorist Coverage does not apply:

\* \* \*

**b.** to any person injured while **occupying** or injured by any **automobile** which is owned or leased by such person injured if such **automobile**:

**(1)** is designed primarily for use on public roads;

**(2)** is required to be registered and licensed prior to its use on public roads; and

**(3)** is not insured for Underinsured Motorist Coverage by the policy.

It is undisputed that plaintiff's motorcycle was designed primarily for use on public roads, was required to be registered and licensed, and was not insured for UIM coverage under the policy. Plaintiff contends that the reference to "any person" in ¶ 3(b) does not apply to him because, in other paragraphs, the policy specifically references the named insured as "you."

Plaintiff's argument is untenable. It borders on specious to argue that the broad phrase "any person" does not encompass plaintiff. Plaintiff is clearly a person, and Merriam-Webster's Collegiate Dictionary (2014) defines "any," in part, as "one or some indiscriminately of whatever kind[.]" We must enforce clearly-worded insurance clauses as written. *Kurzmann*, 257 Mich App at 418.[3]

As noted by defendant, the trial court, in denying defendant's motion, seems to have invoked, sua sponte, the doctrine of illusory coverage, which provides that an insurance policy may not contain a provision for coverage that is functionally nonexistent. See *Employers Mut Cas Co v Helicon Associates, Inc*, 313 Mich App 401, 407-408; 880 NW2d 839 (2015). The trial court erred, because there are, in fact, situations in which the relevant language of ¶ 2 would apply. It would apply to plaintiff if he were injured while occupying an automobile covered by the general policy. It would apply to plaintiff if he were a pedestrian and struck by a random underinsured motorist. It would apply to plaintiff if he were occupying an automobile he did not

---

[3] This Court in *Polite v Tyler*, unpublished opinion per curiam of the Court of Appeals, issued March 29, 2016 (Docket No. 325811), p 4, found a similar clause unambiguous. Although unpublished opinions are not binding precedent, MCR 7.215(C)(1), this Court may use them as guides and view them as persuasive. See, e.g., *People v Green*, 260 Mich App 710, 720 n 5; 680 NW2d 477 (2004).

own and that was not covered by the general policy. We note that plaintiff does not even invoke the illusory-coverage doctrine on appeal.

The wording of the policy is unambiguous and we must rule in favor of defendant.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood