# STATE OF MICHIGAN

# COURT OF APPEALS

RODNEY MCCORMICK,

       Plaintiff-Appellant,

UNPUBLISHED
April 20, 2017

v

ACE AMERICAN INSURANCE COMPANY and
ACE PROPERTY & CASUALTY INSURANCE
COMPANY,

       Defendants-Appellees.

No.  330174
Genesee Circuit Court
LC No.  14-102783-CK

Before:  FORT HOOD, P.J., and JANSEN and HOEKSTRA, JJ.

PER CURIAM.

Plaintiff appeals as of right the order granting the motion of defendant ACE American Insurance Company (ACE) for reconsideration and granting summary disposition in favor of ACE.  We affirm.

## I.  FACTS AND PROCEDURAL BACKGROUND

This case arises from injuries sustained by plaintiff while he was working as a truck loader at a General Motors (GM) plant.  Plaintiff sued his employer, Allied Automotive Systems (Allied), for third-party no-fault benefits.[1]  ACE was Allied's liability insurer.  Plaintiff entered into a settlement agreement and signed a release.  One concern for plaintiff during facilitation of the settlement was the fact that he was just short of the 20 years of service credit required in order to receive increased pension and health care benefits.  He contended that he missed the 20-year threshold because his injuries prevented him from working.  Plaintiff received $217,500 in the settlement agreement, and ACE paid this amount to plaintiff.  The settlement agreement provided, in relevant part, "This settlement is contingent upon Plaintiff being granted 20 years of service for purposes of his pension and related benefits."  The release included ACE as a released party and stated, in relevant part, "The Plaintiff is hereby granted 20 years of service for purposes of his pension and related benefits."  Ultimately, the pension fund denied plaintiff increased benefits for 20 years of service, taking the position that plaintiff's employer could not

---

[1] Plaintiff initially sued GM, but Allied replaced GM as the defendant in the underlying lawsuit.

credit plaintiff with 20 years of service. Plaintiff then sued defendants, contending that defendants were liable for breach of contract, innocent misrepresentation, and unjust enrichment. Plaintiff filed a motion for summary disposition with regard to his innocent misrepresentation claim. Defendants filed a counter-motion for summary disposition on all three counts. The trial court granted summary disposition in favor of defendants with regard to the unjust enrichment claim and dismissed defendant ACE Property and Casualty Insurance Company,[2] but granted summary disposition in favor of plaintiff with regard to the innocent misrepresentation claim. After ACE filed a motion for reconsideration, the court reconsidered its decision and granted summary disposition in favor of ACE on all three counts.

## II. STANDARD OF REVIEW

We review de novo a motion for summary disposition. *Auto-Owners Ins Co v Seils*, 310 Mich App 132, 145; 871 NW2d 530 (2015). Under MCR 2.116(C)(10), "[s]ummary disposition is proper if the evidence, affidavits, pleadings, and admissions viewed in a light most favorable to the other party demonstrate that there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law." *Id*. We also review de novo the issue whether a plaintiff can maintain a claim for unjust enrichment. *Karaus v Bank of New York Mellon*, 300 Mich App 9, 22; 831 NW2d 897 (2012). "In addition, the proper interpretation of contracts and the legal effect of contractual provisions are questions of law subject to review de novo." *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 366-367; 817 NW2d 504 (2012).

## III. BREACH OF CONTRACT

Plaintiff argues that the trial court erred by granting summary disposition in favor of ACE with regard to his breach of contract claim. We disagree.

"A party asserting a breach of contract must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161, 178; 848 NW2d 95 (2014). A settlement agreement constitutes a contract and is governed by the principles applicable to construction and interpretation of contracts. *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 452; 733 NW2d 766 (2006). "Courts generally apply principles of contract law to disputes involving the terms of a release." *Mich Head & Spine Institute, PC v State Farm Mut Auto Ins Co*, 299 Mich App 442, 448; 830 NW2d 781 (2013).

Plaintiff contends that the language at issue in the settlement agreement and release is ambiguous and that there is a question of fact for the jury regarding whether ACE promised to provide plaintiff with the 20-year pension benefits. "Courts enforce contracts in accordance with their terms, giving the contractual words their plain and ordinary meanings." *Employers Mut*

---

[2] We note that there is no evidence in the record indicating that defendant ACE Property and Casualty Insurance Company was involved in the underlying lawsuit. The trial court dismissed ACE Property and Casualty Insurance Company from the lawsuit, and plaintiff does not contest this decision.

*Cas Co v Helicon Assoc, Inc*, 313 Mich App 401, 404; 880 NW2d 839 (2015). The goal of contract interpretation is to determine the intent of the parties. *Id*. at 405. If the contract is unambiguous, this Court will construe and enforce the contract as written. *Id*. at 404-405.

Plaintiff points to language in both the settlement agreement and the release in order to establish his breach of contract claim. With regard to the settlement agreement, plaintiff points to the following language: "This settlement is contingent upon Plaintiff being granted 20 years of service for purposes of his pension and related benefits." The trial court correctly determined that the plain language of the settlement agreement establishes that the statement did not constitute a promise made by ACE. First, the parties did not draft the statement as a promise, but rather, a condition regarding the effectiveness of the contract. Second, even assuming that the statement constituted a promise, plaintiff fails to show that the statement is attributable to ACE. ACE was not a party to the underlying lawsuit, and it does not appear as a party on the settlement agreement. Even assuming that ACE was a party to the settlement agreement, there is no indication that ACE promised to grant plaintiff 20 years of service for purposes of his pension and related benefits. Indeed, plaintiff did not submit any evidence in the trial court showing that ACE had the power to grant plaintiff 20 years of service credit. Instead, Allied was the party that had the ability to grant plaintiff 20 years of service credit in order for plaintiff to receive increased pension benefits. Thus, to the extent that the statement constitutes a promise, the promise was made by Allied, and it cannot be attributed to ACE to establish a breach of contract action.

Plaintiff also relies on a statement in the release that "[t]he plaintiff is hereby granted 20 years of service for purposes of his pension and related benefits." The parties agree that the release constitutes a contract and that ACE was a party to the contract. However, plaintiff cannot establish that ACE made a promise in the release that plaintiff would receive the 20-year pension benefits. The plain language of the statement does not indicate that ACE promised that plaintiff would receive the 20-year benefits. A representative for ACE did not sign the release, and there is no other indication in the release that ACE promised to grant plaintiff 20 years of service for his pension and related benefits. Further, ACE did not have the ability to grant plaintiff 20 years of service credit. Therefore, we conclude that plaintiff failed to present evidence establishing a genuine issue of material fact regarding whether ACE breached a contract with plaintiff.

## IV. INNOCENT MISREPRESENTATION

Plaintiff next argues that the trial court erred when it granted summary disposition with regard to his innocent misrepresentation claim. We disagree.

" '[A] false statement of fact, made without knowledge of its falsity or intent to deceive, is actionable [under Michigan's doctrine of innocent misrepresentation] if relied upon by the other party to the contract to their detriment and the party that made the false statement is unjustly enriched.' " *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 380-381; 689 NW2d 145 (2004) (citation omitted; alterations in original).

> An innocent misrepresentation claim requires proof that (1) the defendant made a material representation, (2) the representation was false, (3) the defendant made it with the intention of inducing reliance by the plaintiff, (4) the plaintiff

acted in reliance on the representation, and (5) the plaintiff thereby suffered an injury that benefited the defendant. [*Zeremba Equip, Inc v Harco Nat'l Ins Co*, 280 Mich App 16, 39; 761 NW2d 151 (2008).]

Plaintiff did not present evidence establishing that ACE represented that plaintiff would receive the 20-year pension benefits. Instead, the evidence presented in the trial court indicates that Allied, rather than ACE, represented that plaintiff would receive the necessary credit in order to obtain the pension benefits for 20 years of service. It is unclear on which statement plaintiff relies to establish his innocent misrepresentation claim. In his motion for summary disposition, plaintiff relied on the statement in the release that "[t]he Plaintiff is hereby granted 20 years of service for purposes of his pension and related benefits." However, as noted by the trial court, this statement cannot be attributed to ACE because ACE did not sign the release, and there is no other indication that ACE was the party making the statement in the release. Furthermore, plaintiff cannot show that he was induced into signing the release based on this statement as the statement appears in the release itself. Thus, plaintiff cannot show that ACE made the statement in the release or that plaintiff was induced by the statement to enter into the release.

Plaintiff argues on appeal that the misrepresentation occurred during the facilitation. He relies on a statement made in an e-mail from a representative of Allied during settlement negotiations in order to establish that ACE made a material representation. In the e-mail, the representative for Allied stated:

I have confirmed that we can credit Mr. McCormick with the two weeks of pension contributions via the grievance process (to the extent that such contributions are necessary, since he will receive 12 months of contributions following his most recent injury and it is not clear that he has factored those continuing payments in), so that issue should be completely off the table.

While the e-mail indicates that plaintiff would receive two weeks of pension contributions in order to obtain the 20-year pension benefits, a representative of *Allied*, rather than ACE, made the statement. Therefore, ACE did not make a representation in the e-mail. In addition, plaintiff failed to present any additional evidence establishing that ACE made any representation or promise during the facilitation that plaintiff would receive credit in order to obtain the additional pension benefits.

In addition, plaintiff's claim fails because the alleged misrepresentation related to a future event, rather than a past or existing fact. Our Supreme Court has concluded that "[a] promise regarding the future cannot form the basis of a misrepresentation claim." *Forge v Smith*, 458 Mich 198, 212; 580 NW2d 876 (1998). The Court held that the plaintiff must establish that the defendant made a representation regarding a past or existing fact in order to establish misrepresentation. *Id*. See also *Derderian*, 263 Mich App at 381 (" '[T]he misrepresentation must relate to a past or existing fact and not be promissory in nature.' ") (Citation omitted; alteration in original.) In this case, plaintiff does not contend that ACE made a misrepresentation regarding a past or existing fact. Instead, plaintiff argues that ACE made a promise regarding a future event—that plaintiff would receive 20-year pension benefits at a future date. Accordingly,

the trial court did not err by granting summary disposition in favor of ACE on the innocent misrepresentation claim.

## V. UNJUST ENRICHMENT

Lastly, plaintiff contends that the trial court improperly determined that ACE was entitled to summary disposition with regard to his unjust enrichment claim. We disagree.

"Unjust enrichment is defined as the unjust retention of money or benefits which in justice and equity belong to another." *Tkachik v Mandeville*, 487 Mich 38, 47-48; 790 NW2d 260 (2010) (citation and quotation marks omitted). " 'No person is unjustly enriched unless the retention of the benefit would be unjust.' " *Id*. at 48 (citation omitted). "The elements of a claim for unjust enrichment are (1) receipt of a benefit by the defendant from the plaintiff, and (2) an inequity resulting to plaintiff from defendant's retention of the benefit." *Bellevue Ventures, Inc v Morang-Kelly Investment, Inc*, 302 Mich App 59, 64; 836 NW2d 898 (2013). "However, a contract will be implied only if there is no express contract covering the same subject matter." *Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 478; 666 NW2d 271 (2003).

Plaintiff's claim for unjust enrichment fails because the parties agree that there existed a contract covering the subject matter of the claim. Plaintiff contended in his motion for summary disposition that the settlement agreement and release both constituted contracts. Defendants also contended that the release constituted a contract in their response and counter-motion for summary disposition. Both sides acknowledged during the hearing on the motions that the release was a contract. The release covered the same subject matter as the unjust enrichment claim because both involve the settlement of plaintiff's claim and the award of the 20-year pension benefits, and both plaintiff and ACE are parties to the release. Therefore, plaintiff cannot prevail on an unjust enrichment claim because there was an express contract covering the same subject matter.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Kathleen Jansen
/s/ Joel P. Hoekstra